COX, Senior Judge,
with whom BAKER, Chief Judge, joins
(dissenting):
I agree with the well-reasoned opinion of Chief Judge Baker. I write separately because I believe without reservation that a military judge has the jurisdiction, indeed the responsibility, to insure that a military court-martial is conducted so that the military accused and the public enjoy the same rights to a fair and public hearing as is envisioned in the Bill of Rights and embodied in the Rules for Courts-Martial (R.C.M.). I also believe without reservation that the United States Court of Appeals for the Armed Forces has the jurisdiction, indeed the responsibility, to insure that military *133 judges faithfully perform their duties in accordance with law.[1]
In denying standing to Appellants the majority incorrectly distinguishes this ease from the legion of cases giving standing to the media in eases such as this one. Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 603-05, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); ABC, Inc. v. Powell, 47 M.J. 363, 365 (C.A.A.F.1997) (“[W]hen an accused is entitled to a public hearing, the press enjoys the same right and has standing to complain if access is denied.”); see also Washington Post v. Robinson, 935 F.2d 282, 292 (D.C.Cir.1991) (holding that the press and the public should have notice of closure to have an opportunity to raise a First Amendment right of access claim).
Clinton v. Goldsmith, 526 U.S. 529, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999), while providing the current state of the law regarding this Court’s ability to issue writs under the All Writs Act, concerned an administrative matter that was found by the Supreme Court to be unreviewable by this Court. In contrast, this is an ongoing court-martial and, as so well noted by the opinion of Chief Judge Baker, is clearly within the four-tiered court system created by Congress by the Uniform Code of Military Justice (UCMJ).
This case is about the “office” of military judge. United States v. Weiss, 36 M.J. 224 (C.M.A.1992); John S. Cooke, The United States Court of Military Appeals, 1975-1977: Judicializing the Military Justice System, 76 Mil. L.Rev. 43 (1977). Therefore, in my judgment, this ease is about the authority of a military judge to manage her courtroom and to supervise the preservation of evidence, create an accurate record of trial, and control the ebb and flow of spectators and members of the press into the courtroom. This ease is about process, not the constitutional rights of Appellants. The military judge’s confusion as to what authority she possesses over trial documents is evident from the record.[2] In the same Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2006), session, the military judge approved the publication of defense motions, pursuant to an agreement with the Government, on a defense website, yet then stated she does not possess the authority to authorize release of court documents in response to Appellants’ original request before the court, a request which included documents filed with the court such as defense motions.
To me the fundamental questions are what is the role of the military judge in the conduct of a court-martial and are her actions reviewable by the appellate courts. We are remiss, therefore, in not taking this opportunity to clarify what authority the military judge has regarding the control of the court-martial process, including documents, evidence, and transcripts produced during the trial.
“Military judges perform duties prescribed by statute and the executive order when detailed to a specific court-martial.” Weiss, 36 M.J. at 228. When the position of the military judge was created, the intention was that the military judge would preside over a court-martial in the same manner as a federal district judge, with “roughly equivalent powers and functions.” Sam J. Ervin Jr.,[3] The Military Justice Act of 1968, 45 Mil. L.Rev. 77, 89 (1969); see also United States v. Graf, 35 M.J. 450, 465 (C.M.A.1992) (“In our view, the Uniform Code of Military Justice contemplates that a military judge be a real judge as commonly understood in the American legal tradition”); United States v. Valigura, 54 M.J. 187, 191 (C.A.A.F.2000) (finding that Congress intended courts-martial to resemble a federal criminal trial, to the extent it was practicable).
*134 Once a court-martial is convened, the military judge controls its proceedings, subject to the proscriptions in the R.C.M. United States v. Stringer, 5 C.M.A. 122, 140, 17 C.M.R. 122, 140 (1954) (Latimer, J., concurring). R.C.M. 801 sets forth the responsibilities of the military judge, including exercising “reasonable control over the proceedings to promote the purposes” of the R.C.M. and the Manual for Courts-Martial, United States. R.C.M. 801(a)(3). R.C.M. 806 gives the military judge the responsibility to make sure the court-martial shall be open to the public. The military judge has the authority to seal portions of the record during trial or prevent parties from divulging information that is not part the public record during trial. R.C.M. 701(g)(2); R.C.M. 806(d). R.C.M. 1104 gives responsibility to the military judge to authenticate a record of trial in certain cases.
The fact of the matter is there is no rule that states that the documents, filings, evidence, and record transcripts created during an ongoing court-martial do not fall under the authority given to the military judge to exercise control over the court-martial and ensure public access to the proceedings. If the plain language of R.C.M. 801 does not expressly provide the authority to control the documents created during the court-martial process, then surely the rule implies that every military judge has the authority to regulate the release of those documents. That rule read in conjunction with R.C.M. 806 is certainly broad enough to allow the military judge to grant the relief asked for by the Center for Constitutional Rights if it can be done reasonably and without disruption to the trial and the processes attendant thereto.
In my judgment, this Court possesses jurisdiction under the All Writs Act and under the common law of our Anglo-American jurisprudential heritage to aid the military judge in the performance of her duties. Certainly we are in a better position to do that than is a federal district judge to solve the issues presented. See generally Schlesinger v. Councilman, 420 U.S. 738, 758, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).
It is the responsibility of a military judge to fashion a remedy in these cases given the various conditions and circumstances as one might find at a particular court-martial. The military judge has the information and knowledge as to what logistical support a court-martial may have in an individual circumstance. Given that courts-martial over history have been convened in the field, on-board ships at sea, and in small posts, camps, and stations around the world, a military judge must have broad latitude to decide on how she should deal with requests for information such as we have before us.[4] However, we must make it clear that this Court does have jurisdiction and the ability to tell a military judge, “You have authority to release portions of the record of trial, briefs, other non-classified evidence, etc., under such circumstances and under such conditions as you find to be fair and reasonable and in compliance with R.C.M. 806 and the other applicable rules.” Like other rulings of a military judge, our review would be to determine whether a military judge abused her discretion in a particular case.
Accordingly, I would reverse the Army Court of Criminal Appeals and remand the case to the military judge to carry out her responsibilities in this regard.

. This case would have been an appropriate matter for the Judge Advocates General to have filed an amicus brief. It is bizarre that the services would advocate that an Article III court review the conduct of a military judge in the midst of a court-martial. It would be interesting to learn if that were indeed their view.

. Interestingly the most scholarly work done on the issues presented in this case was done by the presiding military judge, Colonel Denise Lind. See Denise Lind, Media Rights of Access to Proceedings, Information, and Participants in Military Criminal Cases, 163 Mil. L.Rev. 1 (2000).

.Senator Ervin introduced and sponsored the bill that became the Military Justice Act of 1968.

. We do not set any rules for making this happen. Rather, we only recognize that the military judge has the authority to deal with the issues presented.